**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 18-2613

————————————

UNITED STATES OF AMERICA

v.

PATRICK MCCULLAGH,
Appellant

————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3:14-cr-00370-001)
District Judge: Hon. Mary L. Cooper

————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2019

Before: GREENAWAY, JR., PORTER, and COWEN, *Circuit Judges.*

(Filed: November 15, 2019)

————————————

OPINION*

————————————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PORTER, *Circuit Judge.*

Patrick McCullagh appeals his wire fraud conviction and sentence. He claims that the District Court made four errors: denial of his motion for a new trial, determination of the victim's loss amount, enhancement of his sentence for abusing a position of trust, and enhancement of his sentence for using sophisticated means. We find McCullagh's arguments unconvincing and will affirm the District Court's judgment of conviction.

**I**

McCullagh helped victim P.B. invest over $300,000 that P.B. inherited after the death of his mother. To distribute investment income, the two arranged for McCullagh to pay P.B. a monthly allowance. P.B. and McCullagh often reviewed the status of P.B.'s investments together, and McCullagh always assured P.B. that his investments were doing well. When the allowance payments suddenly ceased, McCullagh convinced P.B. to send McCullagh a series of wire transfers to fund a putative lawsuit related to P.B.'s investments. But this was a lie. There was no lawsuit, and P.B.'s investment accounts had been almost entirely drained by McCullagh.

In March 2013, McCullagh was charged with one count of wire fraud in violation of 18 U.S.C. §§ 2, 1343, based on P.B.'s final wire transfer to McCullagh. In June 2014, a federal grand jury indicted McCullagh on the count. The case went to trial, and a jury convicted McCullagh after hearing testimony from P.B., McCullagh's former employees, and FBI agents who investigated McCullagh.

McCullagh moved to set aside the verdict and alternatively for a new trial. The District Court denied the motions, finding that the evidence supported McCullagh's conviction and did not support a new trial.

During sentencing, the District Court first calculated P.B.'s loss attributable to McCullagh. The District Court then enhanced McCullagh's conviction for his abuse of a position of trust and for use of sophisticated means. The District Court ultimately sentenced McCullagh to 36 months' incarceration and ordered him to pay restitution. McCullagh timely appealed.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

## III

McCullagh raises four challenges on appeal. First, he argues that the evidence does not support a jury verdict and that he is thus entitled to a new trial. Second, he argues that the District Court misconstrued the evidence and overstated the loss amount attributable to McCullagh's crime. Third, he argues that he should not have received a sentence enhancement for abuse of a position of trust. And fourth, he argues that he should not have received a sentence enhancement for using sophisticated means. All four challenges fail.

## A

McCullagh first contends that the evidence does not support the jury's verdict and that the District Court should have granted his motion for a new trial under Federal Rule

of Criminal Procedure 33(a). But McCullagh's contention does not show that the District Court abused its discretion by denying his motion.

"Upon the defendant's motion, [a] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). We review a denial of a motion for a new trial for abuse of discretion. *United States v. Wrensford*, 866 F.3d. 76, 93 n.9 (3d Cir. 2017). "An abuse of discretion occurs only [when] the district court's decision is arbitrary, fanciful, or clearly unreasonable—in short, [when] no reasonable person would adopt the district court's view." *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018) (citation and quotation marks omitted). "An abuse of discretion occurs when a lower court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact." *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) (internal citation and quotation marks omitted).

The District Court denied McCullagh's Rule 33 motion because it did not find his evidentiary challenges to be persuasive. Thus, it held that McCullagh had failed to show "a serious danger that a miscarriage of justice ha[d] occurred; that is, that an innocent person ha[d] been convicted." Appellee's Suppl. App. at 832–33. Namely, the District Court found that the evidence presented by the Government was sufficient, and that any arguments regarding P.B.'s credibility failed.

On appeal, McCullagh rehashes arguments attacking P.B.'s credibility that were rejected by the jury and the District Court. We likewise reject McCullagh's arguments. In short, McCullagh ultimately fails to identify either clearly erroneous findings of fact or

4

errant conclusions of law made by the District Court. The District Court did not abuse its discretion, *see Robinson*, 920 F.3d at 191, so we will affirm the District Court's denial of McCullagh's motion for a new trial.

**B**

McCullagh next argues that the District Court miscalculated the loss attributable to his criminal conduct in its sentencing decision in three ways. First, he argues that the District Court improperly included a $5,000 check P.B. had paid to McCullagh. Second, he argues that the District Court should not have included $54,067.82 that P.B. had paid to McCullagh. And third, he argues that the District Court should have credited McCullagh for his purported payment of P.B.'s taxes. We reject his arguments because they are based on factual challenges and do not show why the District Court committed clear error in making its calculation.

"The [sentencing] court need only make a reasonable estimate of the loss[,]" and it may make the estimate based on "a preponderance of the evidence." *United States v. Ali*, 508 F.3d 136, 145 (3d Cir. 2007) (quoting U.S.S.G. § 2B1.1, cmt. n.3(C)). Interpretation of the United States Sentencing Guidelines is subject to plenary review, but we review a district court's factual findings underlying a loss calculation for clear error. *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011). And when a party does not object to a ruling below, we review the ruling for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).

First, McCullagh argues the District Court should not have included a $5,000 check P.B. paid to McCullagh (*i.e.*, that the "check should have been included in the

calculation of funds returned to PB"). McCullagh Br. 22. McCullagh did not raise this argument before the District Court, so we will exercise plain error review. *See Flores-Mejia*, 759 F.3d at 256. "Under the plain error standard, a reviewing court may reverse the district court only if [it] finds that (1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected [the defendant's] substantial rights." *United States v. Syme*, 276 F.3d 131, 143 n.4 (3d Cir. 2002) (citations and internal quotation marks omitted). McCullagh argues that the District Court cannot rely on solely P.B.'s testimony to include the $5,000 check in its loss calculation. But P.B.'s testimony went uncontested at trial, so McCullagh's argument does not show how the District Court committed "clear and obvious" error by relying on P.B.'s unrebutted testimony. *See id*. We reject McCullagh's challenge to this aspect of the District Court's ruling.

McCullagh next complains that the District Court erred in finding P.B. sent $54,067.82 to McCullagh. The District Court calculated the $54,067.82 by offsetting funds P.B. sent to McCullagh and funds deposited in P.B.'s investment accounts. Because McCullagh raised it below, we review this challenge for clear error. *See Fumo*, 655 F.3d at 309. "Clear error exists when, giving all deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence, we are left with a definite and firm conviction that a mistake has been committed." *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 182 (3d Cir. 2010) (citations and internal quotations marks omitted). McCullagh essentially challenges certain credibility determinations by the District Court without showing how the District Court's calculation amounted to error—let alone clear error. This second argument likewise fails.

6

Lastly, McCullagh contends that the District Court should have given him credit for his purported payment of P.B.'s taxes. But the District Court declined to credit McCullagh for this alleged payment because it found corroborating documentation deficient. We review McCullagh's challenge for clear error. *See Fumo*, 655 F.3d at 309. McCullagh asks us to disregard the District Court's findings and re-weigh the evidence related to the payment of P.B.'s taxes. But his evidentiary arguments do not leave us "with the definite and firm conviction that a mistake has been committed," so we cannot say the District Court committed clear error. *Sabinsa*, 609 F.3d at 182. So we will affirm the District Court's calculation of loss attributable to McCullagh's crime.

## C

Third, McCullagh contends that the District Court erred by enhancing his sentence for abusing a position of trust. McCullagh argues that he did not occupy a position of trust in relation to P.B., and in the alternative says that even if he were in a position of trust early in the relationship he was not by the end of the relationship. Further, he is silent with regard to whether he has abused the position if it existed. Yet because of McCullagh's relationship with P.B. and the degree of control that he exercised over P.B.'s finances, the District Court correctly concluded that McCullagh held a position of trust. We will affirm the application of this enhancement.

A sentencing court may enhance a sentence by two levels if "the defendant abused a position of public or private trust[.]" U.S.S.G. § 3B1.3. "'Public or private trust' refers to a position of public or private trust characterized by professional or managerial

7

discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)." *Id.* at § 3B1.3 cmt. n.1. In *United States v. Douglas*, we explained that

> when determining if the defendant occupied a position of trust, we will ask whether the defendant had the power to make decisions substantially free from supervision based on (1) a fiduciary or fiduciary-like relationship, or (2) an authoritative status that would lead his actions or judgment to be presumptively accepted.

885 F.3d 124, 133 (3d Cir. 2018) (en banc). Whether a defendant occupies a position of public or private trust under U.S.S.G. § 3B1.3 is a legal question subject to plenary review. *Id.* at 129 (citation omitted).

On appeal, McCullagh argues that the evidence does not show that he occupied a position of trust with P.B. Rather, McCullagh claims he did not hold himself out to P.B. as an investment expert or financial advisor. And he identifies facts that should have undermined McCullagh's position of trust before P.B.'s final wire transfer to McCullagh—the wire transfer underlying McCullagh's wire fraud conviction. We find these arguments unpersuasive.

McCullagh occupied a position of trust with P.B. based on the high degree of trust and reliance P.B. placed in McCullagh throughout their relationship. As a financial novice, P.B. looked to McCullagh as his advisor. McCullagh "had the power to make decisions substantially free from [P.B.'s] supervision[,]" and P.B. relied on McCullagh to monitor and to report the health of his investments. *See Douglas*, 885 F.3d at 133. No matter whether this position continued precisely until the day of the final wire transfer, McCullagh's many falsehoods strung P.B. along and "contributed in some significant

8

way to facilitating the commission or concealment of the offense[.]" U.S.S.G. § 3B1.3 cmt. n.1. Thus, we will affirm the District Court's application of this enhancement.

**D**

Fourth, McCullagh argues that his actions were too simplistic to merit the sophisticated means enhancement imposed by the District Court. We disagree.

The Sentencing Guidelines prescribe a two-point enhancement if an offense "involve[s] sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). The Guidelines define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense[,]" including perpetrating a scheme across multiple jurisdictions or using shell companies. *Id.* at § 2B1.1 cmt. n.9(B). The enhancement is appropriate when "a defendant's conduct 'shows a greater level of planning or concealment than a typical fraud of its kind.'" *United States v. Fountain*, 792 F.3d 310, 319 (3d Cir. 2015) (quoting *Fumo*, 655 F.3d at 315). "Determining whether a defendant employed sophisticated means … involve[s] considering factors like the duration of a scheme, the number of participants, the use of multiple accounts, and efforts to avoid detection." *Id.* (citation omitted).

McCullagh does not dispute the factual findings underlying the District Court's enhancement ruling, but he argues only that the facts do not amount to use of "sophisticated means." We have explained that when "the facts underlying a Guidelines determination are not in dispute, 'but the issue is whether the agreed-upon set of facts fit within the enhancement requirements,' we review the District Court's application of the

9

enhancement for clear error." *Fountain*, 792 F.3d at 318 (quoting *United States v. Fish*, 731 F.3d 277, 279 (3d Cir. 2013)). Thus, we apply clear error review.

McCullagh unconvincingly argues that his scheme was too simple for the sophisticated means enhancement. As the District Court observed, the scheme "may have started as a simple unsophisticated transaction." A602. But the District Court concluded that McCullagh's scheme merited the enhancement because it lasted multiple years, involved multiple financial accounts and forgeries, and covered multiple states. McCullagh's argument fails to overcome clear error review because they do not create a "definite and firm conviction" that the District Court erred in its analysis. *Sabinsa*, 609 F.3d at 182 (citation omitted). So we will affirm the application of the sophisticated means enhancement.

## IV

In sum, we are unpersuaded by McCullagh's arguments. We will affirm the District Court's judgment of conviction.

10